## IN RE HOPPER.

[No. 30,808.   Filed October 19, 1965.]

*Ralph M. Lett*, of Mooresville, and *S. J. Kagan*, of Martinsville, for relator.

*John J. Dillon*, Attorney General, for respondent.

ARTERBURN, J.—The petitioner, Charles Lincoln Hopper, has filed a verified application for reinstatement as a member

of the bar of this State pursuant to Rule 3-8. Pursuant to that rule, the matter was referred to the Attorney General and copies of the application and petition were also served on each member of the Board of Law Examiners, each member of the Disciplinary Commission of this Court, as well as upon the Indiana State Bar Association, as provided by the rule.

Within the time fixed, the Attorney General of the State of Indiana filed his response, stating that he had no objections to the readmission to the bar of this State of the applicant in view of his rehabilitation. Likewise, the State Board of Law Examiners, the Disciplinary Commission of this Court, and the Indiana State Bar Association stated in writing that they have no objections to the reinstatement of said applicant. There have been no objections filed to the application herein. The application shows that the applicant resigned as a member of this bar in October, 1945 as a result of certain charges of which he was found guilty at the time.

The evidence shows complete restitution was made in connection with the charge and that subsequent thereto the applicant has conducted himself in an exemplary manner, and so far as we can find, his demeanor has been above reproach. During the past twenty years he has engaged in legal work with publishing firms and in other capacities in the legal field than that of the practice of law. We find from numerous representations made to this Court by reliable persons who have known him during this period of time that he has fully rehabilitated himself and is entitled to be reinstated as a member of the bar of this Court.

IT IS THEREFORE ORDERED that Charles Lincoln Hopper be and he is reinstated as a member of the bar of this Court, and the clerk is directed to place his name on the roll of attorneys constituting the bar of this Court.

Jackson, C. J., Myers and Landis, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 210 N. E. 2d 864.